2022 IL App (2d) 200338-U
No. 2-20-0338
Order filed August 5, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-1543 |
| ANTWON DAMOND SMITH, | ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant failed to properly preserve for appeal his contention that the trial court abused its discretion in failing to appoint standby counsel; his prayer for review under the plain error doctrine is declined because he failed to prove any error. Defendant's contention is forfeited.  Trial court affirmed.

¶ 2    Defendant, Antwon Damond Smith, was charged with one count each of: home invasion (720 ILCS 5/l9-6(a)(2) (West 2016)); conspiracy to commit home invasion (720 ILCS 5/8-2(a) (West 2016)); residential burglary (720 ILCS 5/19-3 (West 2016)); possession of a stolen firearm (720 ILCS 5/24-3.8(a) (West 2016)); and resisting or obstructing a peace officer (625 ILCS 45/2-4(a) (West 2016)).  After being found guilty of all counts by a jury, defendant was sentenced to

concurrent prison terms of 26 years for home invasion and seven years for possession of a stolen firearm. The other counts were merged into those offenses.

¶ 3　　Defendant now appeals from his convictions, contending that the trial court abused its discretion in denying his request for the appointment of standby counsel. We affirm.

¶ 4　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　Defendant's charges arose from an incident that occurred on or about June 14, 2018. On July 5, defendant filed a *pro se* motion to dismiss warrantless search and seizure. One week later, at his arraignment, the trial court appointed the public defender to represent defendant. Defendant then filed a *pro se* motion to suppress evidence on July 23. The trial court subsequently explained to defendant:

"You have, in any case pending in court, you have a constitutional right to be represented by an attorney. When you are represented by an attorney, you do not have the right to file motions that your attorney is not adopting and has not worked with you on because those are things that are compared to what we call trial strategy. In other words[,] the decision whether to file the motion, what [type] of motion to file and how to present it ultimately should be decided by you and your attorney together. But they are committed to the discretion of your attorney while your attorney is representing you.

So pro se motions filed while a person has an attorney have no effect. They don't get hearings. In fact, the Court deems them withdrawn when they are brought to my attention.

You also the right to retain an attorney if you're not able to afford an attorney. And finally you have the right, in any case, the represent yourself. If you happen to think that you have a better job of representing yourself than a licensed attorney can, you have [t]he

right to waive an attorney and to go forward and represent yourself. And in that case, you do have the right to file whatever motions you would like to file and to have those motions addressed in due course during the course of your proceedings."

¶ 6     On September 20, 2018, defendant informed the court that he wished to waive counsel and proceed *pro se*. The trial court set the case for an opportunity "to explain to you, I guess, the things that need to be explained to you or to at least provide you with information concerning your willingness to waive counsel."

¶ 7     On October 3, 2018, the trial court extensively questioned defendant under oath regarding his understanding of the charges against him, his education, his prior experience with the legal system, including jury trials, and the disadvantages of representing himself. The court also admonished defendant pursuant to Supreme Court Rule 401(a) (eff. July 1, 1984) and explained that, if defendant decided to waive counsel and later asked the court to reappoint counsel, "the decision whether to allow you to revoke that waiver and to ask for me to appoint someone back to your case, then rests with me and me alone and it depends on the facts and circumstances that exist at the time that you make that request." The court accepted defendant's waiver of counsel and vacated the appointment of the Public Defender.

¶ 8     During the course of the pretrial proceedings, defendant filed motions and responded to and argued against motions filed by the State. At the final pretrial conference on Friday, January 11, 2019, three days before the scheduled beginning of his jury trial, both the State and defendant answered ready for trial. The court then addressed defendant regarding his decision to represent himself:

> "One of the things that I don't consider unexpected at this point in time is the fact that you're representing yourself. And the fact that you're representing yourself is a choice

that you've made.  And we've gotten all the way up to sort of the edge of trial.  And one of the things I told you at the point that you decided to waive counsel is that once you make that waiver, you have every right to ask the Court to reappoint counsel and you have every right to hire an attorney if those are things that you're able to do or that you want to do.

But once you've made a knowing and voluntary waiver, the Court does not have to allow you to change your mind if, and there's a limited set of circumstances where I can make that decision, if it would delay or prevent a proceeding from taking place on which time and money and people have been expended, subpoenaed, and otherwise.

\*\*\*

You've decided to own the representation of yourself.  You've decided to own the decisions in the case so far up to and including now.  But I guess the short thing that I'm telling you is if you have any doubts about your ability to proceed through a jury trial and to represent yourself fully and effectively in a jury trial, now would be the time to tell me that.  Because if you want to have an attorney appointed for you and if you want to have the attorney assist you at trial, today would be the day to tell me that."

¶ 9    The following colloquy then took place:

"THE COURT:  Okay.  And as of right now, you still prefer to represent yourself?

THE DEFENDANT:  Yes.  The only thing I ask of the Court, I'm not—I've never had cold feet.  I just want side counsel to help me with notes.  That's it.  That's all.

THE COURT:  I don't know what you're asking for.

THE DEFENDANT:  Side counsel.  Like say I'm up there asking a question, I can ask a question and also write at the same time [*sic*].  So side counsel.

THE COURT:  Well, if you're asking for standby counsel—

THE DEFENDANT: Yeah.

THE COURT:—which is an attorney to sit there with you at the table, I don't appoint standby counsel in any case.

THE DEFENDANT: Okay.

THE COURT: And if it's for note taking purposes only—

THE DEFENDANT: Right.

THE COURT:—I'm certainly not appointing somebody to be a scribe for you.

THE DEFENDANT: That's okay."

¶ 10     The matter then proceeded to jury trial, which resulted in defendant's convictions. After defendant filed a *pro se* motion for a new trial, but before the trial court ruled on the motion, defendant unsuccessfully attempted to hire private counsel. He then requested the court to appoint the Public Defender, which request was granted. The public defender filed an amended motion for a new trial, including the contention that defendant did not make a knowing waiver of counsel, which the trial court denied.

¶ 11     Defendant again waived counsel and filed several *pro se* motions that the trial court denied. He then again requested appointment of counsel for sentencing, and the trial court reappointed the Public Defender. After sentencing, defendant did not file a motion to reconsider sentence. This appeal followed.

¶ 12                                   II. ANALYSIS

¶ 13     Defendant contends that the trial court erred in denying his request for standby counsel. A trial court may, in its discretion, appoint standby counsel to assist a defendant who has elected to proceed *pro se*. *People v. Hui*, 2022 IL App (2d) 190846, ¶ 56. A trial court's decision regarding the appointment of standby counsel will not be reversed on appeal absent an abuse of

discretion. *Id*. A trial court abuses its discretion only where its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view of the trial court. *Id.* According to defendant, the court had a blanket policy of not appointing standby counsel; by applying such a policy, the court failed to properly exercise its discretion.

¶ 14 Defendant admits that he failed to raise this issue in his posttrial motion and that this contention may be considered forfeited. See *People v. Ware*, 407 Ill. App. 3d 315, 350 (2011) ("In order to preserve the issue for appeal, defendant was required to raise the issue by objecting at trial and in a posttrial motion.").[1] However, defendant invites us to "consider the issue of standby counsel preserved based on the waiver of counsel argument being included in the amended motion for new trial." To support this, defendant cites to the dissent in *People v. Harris*, 2020 IL App (3d) 160169, in which Justice McDade suggested that the issue of a trial court's refusal to appoint standby counsel was a "lesser included" issue implicit in a broader claim regarding the trial court's allowance of the defendant's *pro se* representation in light of his unfitness to mount a meaningful defense. See *Harris*, 2020 IL App (3d) 160169, ¶ 66 (McDade, J., dissenting).

¶ 15 We decline this invitation. As Justice McDade conceded, there is "no rule or precedent supporting this specific interpretation." *Id*. In fact, long-established precedent clearly *opposes* such an interpretation. Requiring a defendant to specify alleged errors in a motion for a new trial may save the delay and expense inherent in an appeal; it also focuses the attention of the trial judge on those aspects of the proceedings that the defendant claims were erroneous. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). We find neither support for nor benefit in following Justice McDade's suggestion, and we will not do so here.

---

[1] Defendant does not address the requirement of objecting at trial.

¶ 16    Defendant then argues that we should excuse his forfeiture under the plain-error doctrine. Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967) permits the review of unpreserved errors when:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

Under both prongs of the plain-error doctrine, a defendant must prove actual error. *People v. Mudd*, 2022 IL 126830, ¶ 22. The defendant bears the burden of persuasion; if the defendant fails to sustain his burden, we must honor the procedural default. *People v. Russell*, 2022 IL App. (2d) 190733, ¶ 44.

¶ 17    Here, defendant argues that the second prong of the plain error doctrine applies. According to defendant, allowing him to proceed to trial without the assistance of standby trial counsel impugned the integrity of the judicial process and affected his right to a fair trial. Defendant asks this court to "hold the erroneous deprivation of standby counsel, like the deprivation of counsel of choice, or the absence of counsel at a critical stage, to be a violation of a defendant's substantial rights."

¶ 18    Under both the United States and Illinois constitutions, a criminal defendant has a right to represent himself in a criminal proceeding. *Hui*, 2022 IL App (2d) 190846, ¶ 56. The right of self-representation does not carry with it the right to legal assistance; a defendant who chooses to represent himself must be prepared to do so. *Id.* A trial court's discretion reaches to the

appointment of standby counsel for a *pro se* defendant and the determination of the extent and nature of standby counsel's involvement. *Id.*

¶ 19    Generally, we look to see if standby counsel could have assisted the defendant "in a meaningful manner, with respect to a variety of matters that were apparent or could have been anticipated prior to trial." *People v. Gibson*, 136 Ill. 2d 362, 382 (1990). "Standby counsel may assist a *pro se* defendant 'in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete' and may also help 'ensure the defendant's compliance with basic rules of courtroom protocol and procedure.' " *People v. Ellison*, 2013 IL App (1st) 101261, ¶ 46 quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Relevant criteria that a trial court may appropriately consider in deciding whether to appoint standby counsel to assist a *pro se* defendant in a criminal case include the nature and gravity of the charge, the expected factual and legal complexity of the proceedings, and the abilities and experience of the defendant. *Gibson*, 136 Ill. 2d at 38.

¶ 20    Defendant's claim that the court abused its discretion by failing to consider the *Gibson* criteria and applying a blanket policy of not appointing standby counsel is not supported by the facts of this case. Defendant did not, in fact, request standby counsel, someone to help with procedural or evidentiary obstacles and compliance with basic rules of courtroom protocol and procedure; he requested, "side counsel to help me with notes. That's it. That's all." When the trial court characterized the request as "for note taking purposes only," defendant interjected with the answer, "Right." Defendant may have initially requested "side counsel," but he truly sought, in the words of the trial court, a "scribe." The *Gibson* criteria are irrelevant to the assistance that defendant sought; the nature and gravity of the charge, the expected factual and legal complexity

of the proceedings, and the abilities and experience of the defendant have no bearing on a request for someone to take notes on the trial.[2] Whether the trial court would have declined to appoint standby counsel to assist defendant with procedure, evidence, protocol, and procedure because of a blanket policy against such appointments is beyond the facts of this case. Defendant did not seek such assistance. He sought a note-taker, and we cannot find that the refusal to grant such a request on the facts of this case to be error.

¶ 21 Again, a defendant seeking plain-error review must first prove actual error. *Mudd*, 2022 IL 126830, ¶ 22. We cannot conclude that the trial court's refusal to appoint an attorney to provide scrivener's services for defendant was so arbitrary, fanciful, or unreasonable that it constituted an abuse of the trial court's discretion; thus, we conclude that defendant failed to prove error, and we decline to review defendant's contention under the plain error doctrine. We must honor defendant's procedural default for failing to properly preserve this issue, and find it forfeited.

¶ 22                                    III. CONCLUSION

¶ 23 For these reasons, the judgment of the circuit court of Winnebago County is affirmed.

¶ 24 Affirmed.

---

[2] There was no evidence that defendant had not learned to write or was physically unable to write, and defendant's *pro se* filings would belie any such claim.